**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2322-15T2

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

ALFRED G. ROCKEFELLER, his
heirs, devisees, and personal
representatives and his/her,
their, or any of their
successors in right, title
and interest, ANNETTE ROCKEFELLER,
his wife, her heirs, devisees, and
personal representatives and his/her
their, or any of their successors
in right, title and interest,
DISCOVER BANK,

    Defendants-Appellants.

_____

        Submitted July 6, 2017 — Decided July 20, 2017

        Before Judges Yannotti and Haas.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Bergen County, Docket No.
        F-022533-12.

        Montell Figgins, attorney for appellants.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendants appeal from a final judgment of foreclosure filed on November 16, 2015. We affirm.

This appeal arises from the following facts. In December 2006, defendants executed and delivered an adjustable rate "Pick-a-Payment" mortgage note to World Savings Bank, FSB (WSB), in the sum of $400,000, to refinance residential property in Ramsey.[1] To secure repayment of the note, defendants delivered a mortgage to WSB, which was duly recorded in the Office of the Bergen County Clerk.

In August 2007, a class action lawsuit was filed in the United States District Court for the Northern District of California against several banks including WSB, Wachovia, and plaintiff, Wells Fargo Bank, N.A. (Wells Fargo). In that action, the plaintiffs alleged that the defendant banks violated certain state and federal laws in the origination of the "Pick-A-Payment" mortgage loans and inadequately disclosed the loans' potential for, among other things, negative amortization.

---

[1] Effective December 31, 2007, WSB changed its name to Wachovia Mortgage, FSB (Wachovia). In November 2009, Wachovia was acquired and merged into plaintiff. As a result of this merger, Wachovia is a division of plaintiff.

In March 2010, defendants and Wells Fargo entered into a loan modification agreement, which changed the principal balance of their loan to $434,969.83 and required bi-weekly interest-only payments beginning at $906.19, with a starting interest rate of 2.50 per cent. In September 2010, defendants failed to make the payment due and went into default. In January 2011, Wells Fargo provided defendants notice of its intent to foreclose by certified and first class mail. Defendants did not thereafter cure the default.

In December 2010, the parties in the federal class action settled the matter, and on May 17, 2010, the federal district court approved the settlement agreement. The settlement agreement covered claims or defenses based upon the origination of the "Pick-a-Payment" loans. Pursuant to the settlement, the court established three classes of borrowers, each consisting of persons who obtained "Pick-a-Payment" loans from WSB or Wachovia in the period from August 1, 2003, to December 31, 2008.

Settlement Class C included borrowers who still had their "Pick-a-Payment" mortgage loans and whose mortgage payments were sixty or more days past due, as of December 16, 2010. Defendants were included within Settlement Class C. The settlement agreement provided that members of the class could opt out of the settlement, however, they were required to do so in writing by March 16, 2011.

 A-2322-15T2

Notice of the settlement was provided to all affected class members. Defendants did not opt out of the settlement.

The settlement agreement further provided that eligible class members would be considered for a loan modification under either the federal Home Affordable Modification Program (HAMP) or Wells Fargo's internal loan modification program, MAP2R. The settlement agreement stated that Wells Fargo would not have any obligation to offer a loan modification to any settling class member who did not qualify under the HAMP or MAP2R guidelines. The federal district court retained jurisdiction to consider whether Wells Fargo or any other defendant bank complied with the terms of the agreement.

Under the agreement, Wells Fargo is not required to consider a borrower for a loan modification if that borrower had already received a loan modification. As we noted previously, in March 2010, before the court approved the class action settlement, defendants had entered into a loan modification with Wells Fargo. Even so, Wells Fargo reviewed defendants' application several times, but they did not qualify for a second loan modification.

In October 2012, Wells Fargo filed a complaint for foreclosure in the trial court, and in July 2014, defendants filed an answer, separate defenses, and counterclaims. Among other defenses, defendants asserted that Wells Fargo lacked standing to foreclose;

was not a holder in due course of the underlying note; did not provide "proper annual accountings"; violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, with regard to the "subject loan"; made material misrepresentations in the foreclosure complaint; violated the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -73.; and violated the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 to 1692p.

In addition, defendants asserted a counterclaim for violations of the CFA with regard to the original loan and processing defendants for "loss mitigation products" pursuant to the federal class action settlement. Defendants also asserted a counterclaim for breach of contract based upon Wells Fargo's alleged violation of the federal class action settlement.

Thereafter, Wells Fargo filed a motion to strike defendant's answer and affirmative defenses, based on the settlement of the federal class action litigation. On February 18, 2015, the Chancery Division judge granted plaintiff's motion for the reasons stated in a letter opinion. The judge found that plaintiff had established a prima facie case for foreclosure, and defendants' defenses and counterclaims were barred by the federal class action settlement.

The court filed a final judgment of foreclosure on November 16, 2015. This appeal followed.[2]

On appeal, defendants raise the following arguments: (1) the court incorrectly characterized the counterclaims and affirmative defenses as an attack upon the original "Pick-a-Payment" mortgage rather than as claims arising under the subsequent agreements; (2) the court erred by dismissing the claims under the CFA; (3) the trial court should have vacated the final judgment pursuant to Rule 4:50-1(a), because the judgment was premature, they were denied the right to discovery, and they were unable to fully defend their rights; and (4) the loan modification that Wells Fargo gave to defendants in March 2010 was unconscionable.

We have carefully considered defendants' arguments and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the final judgment substantially for the reasons stated in Judge Robert P. Contillo's letter opinion dated February 18, 2015. We add the following.

Here, defendants argue that the trial court incorrectly interpreted their affirmative defenses and counterclaims as an attack upon the original "Pick-a-Payment" loan. They acknowledge

_____

[2] By order dated March 4, 2016, we granted defendant's motion to file their notice of appeal as within time.

that the settlement in the federal class action covered claims related to the origination of the "Pick-a-Payment" loans including claims under state unfair competition laws, unfair and deceptive trade practices statutes, and consumer protection laws.

Defendants assert, however, that they raised claims regarding whether Wells Fargo complied with the federal class action settlement with regard to their March 2010 loan modification. They contend that claims based on Wells Fargo's alleged post-settlement actions are not barred by the federal class action settlement. We disagree.

Judge Contillo correctly noted that the federal class action settlement was incorporated in a judgment of the federal court, which plaintiff is entitled to enforce in the absence of fraud or other compelling circumstances. Simmermon v. Dryvit Sys., Inc., 196 N.J. 316, 330-31 (2008). It is undisputed that defendants never opted out of the settlement. The federal class action settlement clearly resolves defendants' claims and defenses pertaining to the origination of their "Pick-a-Payment" loan.

Moreover, defendants claimed that Wells Fargo violated the federal class action settlement because Wells Fargo had not provided them with a second loan modification. However, as the judge noted in his letter opinion, the federal class action settlement expressly provides that borrowers who had already

received a loan modification are not eligible for a new loan modification. It is undisputed that Wells Fargo and defendant had entered into a loan modification in March 2010.

Therefore, the federal class action settlement did not require Wells Fargo to provide defendants with another loan modification. Since defendants are bound by the agreement, the trial court did not err by striking the defenses and counterclaims that are either covered by or without any basis under the federal class action settlement agreement.

Defendants nevertheless argue that the trial court erred by failing to afford them time for discovery. Again, we disagree. Ordinarily, discovery should be completed before the trial court considers a motion for summary judgment. DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 341 (App. Div. 2013) (citing Bilotti v. Accurate Forming Corp., 39 N.J. 184, 206 (1963)).

A court may, however, dispense with that general practice when "it is readily apparent that continued discovery would not produce any additional facts necessary to a proper disposition of the motion." Ibid. Here, the motion judge properly found that discovery was not warranted because defendant's defenses and counterclaims failed as a matter of law.

Defendants also argue that the trial court erred by striking their counterclaim under the CFA. They argue that the loan modification agreement was unconscionable because it increased the amount that they had to pay each month. They claim the modification agreement is a clear example of unconscionable predatory lending.

We note, however, that in the trial court, defendants did not allege that the March 2010 loan modification agreement violated the CFA. Defendants only asserted claims regarding the original "Pick-a-Payment" loan and Wells Fargo's alleged wrongful refusal to offer them another loan modification.

We decline to consider defendants' contention that the March 2010 loan modification violated the CFA because defendants raised this argument for the first time on appeal. See N.J. Dept. of Envir. Prot. v. Huber, 213 N.J. 338, 372 (2013) (noting that issues not raised in the proceedings below may not be raised on appeal); North Haledon Fire Co. No. 1 v. Borough of North Haledon, 425 N.J. Super. 615, 631 (App. Div. 2012) ("An issue not raised below will not be considered for the first time on appeal").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION